UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE UNGER COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SENTINEL INSURANCE CO., LTD., <br><br> Defendant. | Case No. 1:22-cv-00491 – JPC <br><br> Judge J. Philip Calabrese |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SENTINEL INSURANCE COMPANY, LTD. TO PLAINTIFF'S COMPLAINT**

Defendant Sentinel Insurance Company, Ltd. ("Sentinel"), by and through its undersigned counsel, hereby answers and responds to Plaintiff The Unger Company, Inc.'s Complaint as follows.

**PRELIMINARY STATEMENT**

1. On information and belief, Sentinel admits the allegations in Paragraph 1.

2. Sentinel denies the allegations in Paragraph 2 as "the Hartford Group" is not an entity. Sentinel admits that it is affiliated with Hartford Financial Services Group, Inc.

3. Sentinel admits that it issued to Plaintiff a Business Owner's Policy bearing No. 45 SBA AI9519 SA, for the policy term October 1, 2019 to October 1, 2020 ("Policy"). Sentinel admits that the Policy lists Todd Associates, Inc. as the agent/broker and that the Policy includes a "Business Income From Dependent Properties" endorsement, Form SS 04 78 12 17. The terms of the Policy speak for themselves. Sentinel denies the remaining allegations in Paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent that a response is required, Sentinel denies the allegations in Paragraph 4.

5. Sentinel admits that the Policy includes a "Limited Fungi, Bacteria Or Virus Coverage" endorsement, Form SS 40 93 07 05, but denies that the endorsement provides coverage for Plaintiff's alleged losses. The terms of the Policy speak for themselves. Sentinel denies the remaining allegations in Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent that a response is required, Sentinel denies the allegations in Paragraph 6.

7. The unnumbered paragraph following Paragraph 6 is a prayer for relief, to which no response is required. To the extent that a response is required, Sentinel denies that Plaintiff is entitled to any relief from Sentinel.

8. Sentinel denies each and every remaining allegation in the Complaint, not otherwise expressly admitted herein to be true.

## SENTINEL'S AFFIRMATIVE DEFENSES

Sentinel asserts the following affirmative defenses and reserves all rights to amend or supplement these defenses when and if amended or additional defenses become appropriate and/or available in this action. The statement of any defense herein does not assume the burden of proof for any issue to which the applicable law places the burden of proof on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
(Virus Exclusion)

The Policy contains an exclusion titled "'Fungi', Wet Rot, Dry Rot, Bacteria And Virus." Policy, Form SS 40 93 07 05, at 1. Plaintiff's claims are barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the 'Fungi', Wet Rot, Dry Rot, Bacteria And Virus exclusion.

## THIRD AFFIRMATIVE DEFENSE
(Limited Coverage)

The Policy contains a provision titled "Limited Coverage For 'Fungi', Wet Rot, Dry Rot, Bacteria and Virus." Policy, Form SS 40 93 07 05, at 1-3. Plaintiff's claims may be barred or limited, in whole or in part, by the time period and/or sub-limits applicable to the Limited Coverage for "Fungi", Wet Rot, Dry Rot, Bacteria and Virus provision, and to the extent that the cause of the alleged loss or damage, if any, is not the result of any of the causes listed in the Limited Coverage For "Fungi", Wet Rot, Dry Rot, Bacteria and Virus provision.

## FOURTH AFFIRMATIVE DEFENSE
(No Direct Physical Loss or Covered Cause of Loss)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent there is no direct physical loss of or direct physical damage to Plaintiff's property or any other property, and Plaintiff did not experience a Covered Cause of Loss.

FIFTH AFFIRMATIVE DEFENSE
(Business Income from Dependent Properties – Limits)

The Policy contains Additional Coverage for "Business Income from Dependent Properties." Policy, Form SS 00 07 07 05, at 11-12; Form SS 04 78 12 17, at 1-2. Plaintiff's claims may be barred or limited, in whole or in part, by the time period and/sub-limits, if any, applicable to the Business Income from Dependent Properties provision.

SIXTH AFFIRMATIVE DEFENSE
(Comparative Fault, Waiver, Estoppel, and Unclean Hands)

Plaintiff's claims may be barred or limited, in whole or in part, by the doctrines of comparative fault, waiver, estoppel, and/or unclean hands.

SEVENTH AFFIRMATIVE DEFENSE
(Merger Clause)

The Policy is the sole agreement between the parties, and Sentinel did not breach any Policy terms.

EIGHTH AFFIRMATIVE DEFENSE
(Terms of the Policy are Controlling)

Sentinel's obligations in the Policy are defined, limited, and controlled by the terms and conditions of the Policy, including, but not limited to, the coverages, limits, sub-limits, exclusions, endorsements, conditions, and all other terms set forth therein.

## NINTH AFFIRMATIVE DEFENSE
(Failure to Comply with Terms and Conditions of Policy)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent that Plaintiff failed to perform its obligations under the Policy.

## TENTH AFFIRMATIVE DEFENSE
(Losses Not Covered by Policy)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent Plaintiff seeks relief for damages or losses not covered by the Policy.

## ELEVENTH AFFIRMATIVE DEFENSE
(Two or More Coverages)

The Policy contains a General Condition titled "Insurance Under Two Or More Coverages." Policy, Form SS 00 05 10 08, at 2. Plaintiff's claims may be limited, in whole or in part, to the extent the Insurance Under Two Or More Coverages provision is applicable to the alleged loss or damage.

## TWELFTH AFFIRMATIVE DEFENSE
(Other Insurance)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent other insurance or contributing insurance is applicable to the alleged loss or damage.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Deductibles, Sub-Limits)

Plaintiff's claims may be barred or limited, in whole or in part, by applicable deductibles, retentions, and/or limits and sub-limits (including per-occurrence limits) contained in the Policy.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Outside Period of Restoration)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent Plaintiff seeks to recover for loss incurred outside the Period of Restoration.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Law or Public Policy)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent coverage is excluded by express provisions of law or public policy.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Conditions Precedent and Subsequent)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent that conditions precedent and subsequent to the availability of insurance coverage under the Policy have not been satisfied.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Offset)

Sentinel's obligation to Plaintiff, if any, is subject to offset for recoveries by Plaintiff from other persons or entities.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Valuation Clause)

Plaintiff's claims may be limited, in whole or in part, by the valuation provisions in the Policy.

### NINETEENTH AFFIRMATIVE DEFENSE
(Pollution Exclusion)

The Policy contains an exclusion titled "Pollution." Policy, Form SS 00 07 07 05, at 17-18. Plaintiff's claims may be barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the Pollution exclusion.

### TWENTIETH AFFIRMATIVE DEFENSE
(Consequential Losses Exclusion)

The Policy contains an exclusion titled "Consequential Losses." Policy, Form SS 00 07 07 05, at 17. Plaintiff's claims may be barred or limited, in whole or in part, to the extent that the alleged loss or damages, if any, are excluded by the Consequential Losses exclusion.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Acts or Decisions – Exclusion)

The Policy contains an exclusion titled "Acts or Decisions." Policy, Form SS 00 07 07 05, at 18. Plaintiff's claims are barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the Acts or Decisions exclusion.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent that Plaintiff failed to mitigate damages, if any. To the extent Plaintiff failed to take reasonable steps to mitigate Plaintiff's alleged damages, if any, Plaintiff should be denied any recovery in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
(Reservation of Future Defenses)

Plaintiff's claims may be barred or limited, in whole or in part, by additional defenses that cannot now be articulated because of the generality of the pleadings, and other presently undeveloped information. Accordingly, Sentinel reserves the right to supplement the foregoing defenses as may appear as this case progresses to the full extent permissible by law.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the above answers and defenses, Sentinel respectfully requests that the Court enter an order:

    i.    denying Plaintiff the relief sought in the Complaint;

    ii.    dismissing the Complaint in its entirety with prejudice;

    iii.    awarding Sentinel its costs and expenses, including its attorneys' fees; and

    iv.    awarding Sentinel such other and further relief as the Court deems just and proper.

Dated: April 19, 2022

Respectfully submitted,

*/s/ Katheryn M. Lloyd*
Katheryn M. Lloyd
Tadd Minton
Carpenter Lipps & Leland LLP
280 N. High Street, Suite 1300
Columbus, Ohio 43215
lloyd@CarpenterLipps.com
minton@carpenterlipps.com

Sarah D. Gordon (*pro hac vice* forthcoming)
Erica Gerson (*pro hac vice* forthcoming)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 429-3000
sgordon@steptoe.com
egerson@steptoe.com

*Counsel for Sentinel Insurance Company, Ltd.*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that Sentinel Insurance Company, Ltd.'s Answer and Affirmative Defenses to Plaintiff's Complaint were served on counsel of record on April 19, 2022 in accordance with the Federal Rules of Civil Procedure at the following address:

David W. Hilkert
STARK & KNOLL CO., L.P.A.
3475 Ridgewood Rd.
Akron, OH 44333
dhilkert@stark-knoll.com
reed@stark-knoll.com

                */s/ Katheryn M. Lloyd*
                Katheryn M. Lloyd